# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| JIM BYNUM, | * | |
| | * | No. 18-874V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | |
| | * | Filed: February 18, 2025 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * *

<u>Milton Clay Ragsdale, IV and Allison Riley</u>, Ragsdale, LLC, Birmingham, AL, for Petitioner;
<u>Madelyn Weeks</u>, United States Dep't of Justice, Washington, D.C., for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pursuant to 42 U.S.C. § 300aa-15(e), petitioner has requested a total of $171,484.74 in attorneys' fees and costs. The undersigned tentatively found that petitioner requested a reasonable amount and was entitled to the full amount requested. The undersigned allowed respondent an opportunity to comment. Respondent did not interpose any objections within the time permitted.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

Petitioner's attorney, attorney staff, and expert have requested hourly rates that are consistent with the rates previously awarded and/or reasonable.[2] The number of hours is reasonable.[3] Thus, the amount requested is reasonable.

Petitioner is awarded $171,484.74. This amount shall be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Although Mr. Bynum requested an hourly rate for Dr. Younger that is consistent with previous awards for Dr. Younger, Dr. Younger's performance in this case was questionable. See Decision, 2024 WL 2956969 (Apr. 11, 2024). If the Secretary had interposed an objection to the hourly rate, the hourly might have been reduced. See Frantz v. Sec'y of Health & Hum. Servs., 146 Fed. Cl. 137, 146 (2019) (denying motion for review of a decision reducing an expert's compensation and stating "[s]pecial masters determine the value of an expert's work on an individual case basis"). However, the lack of objection from the Secretary contributes to a finding that the proposed hourly rate is reasonable. See Vaccine Rule 13(a)(3).

[3] Mr. Bynum's attorney, Mr. Ragsdale, sometimes billed many activities under one entry. See, e.g., entries for 8/7/2017, 8/9/2017, 8/16/2017, 10/12/2017, 5/30/2018, 09/10/2018, 10/19/2022, and 10/20/2022. Mr. Ragsdale is encouraged to avoid this block-billing.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.